**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TOSHIA HODGES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA | ) Civil Action No. 12-1900 (ABJ/JMF) |
| | ) |
| and | ) |
| | ) |
| SEAN NAPPER, | ) |
| | ) |
| Defendants. | ) |
| | |
| IRMA FLORES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) Civil Action No. 12-1989 (ABJ/JMF) |
| | ) |
| and | ) |
| | ) |
| MICHAEL HENDERSON | ) |
| | ) |
| Defendants. | ) |
| | |
| BARRON JACKSON | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) Civil Action No. 12-1948 (ABJ/JMF) |
| | ) |
| and | ) |
| | ) |
| DANIEL KELLY | ) |
| | ) |

1

| | |
|---|---|
| **Defendants.** | ) |
| _____ | ) |
| | ) |
| **RASHEED HAMMOND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **THE DISTRICT OF COLUMBIA,** | ) Civil Action No. 12-1990 (ABJ/JMF) |
| | ) |
| and | ) |
| | ) |
| **JOHN STATHERS** | ) |
| | ) |
| and | ) |
| | ) |
| **ERNEST D. GRANT** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## DISCOVERY ORDER

This matter came before the Court to resolve disputes between the parties regarding thirteen interrogatories propounded by plaintiffs on defendants. After a preliminary conference call, the Court requested that the parties address their positions on this issue through letters to the Court. The parties also requested that Court extend the date for the end of discovery. A hearing was held on September 16, 2013, at which time the Court made the following rulings:

**Interrogatories One Through Four**

Counsel agreed at the hearing on this matter that all disputes over Interrogatories One through Four have been resolved.

**Interrogatory Five**

Interrogatory Five requests that each individual defendant provide a narrative of the events surrounding each of the arrests at issue in this case. Defendants' counsel indicated at the

hearing that they have nearly complied with this interrogatory: defendant Grant has completed, but not yet signed, his interrogatory response, and defendant District of Columbia need not provide such a response because it lacks independent knowledge outside of that of the officers. Plaintiffs takes issue with the interrogatory responses so far provided because they both contain an independent narrative and incorporate by reference police department reports referred to as PD163 and PD251. The potential problem raised by plaintiffs is that these documents contain inconsistencies with the narratives otherwise provided in the defendants' response to Interrogatory Five.

    The Court agrees with plaintiffs' concern. The purpose of Interrogatory Five is to have one, complete narrative from each individual defendant that represents that defendant's recitation of the facts. If a defendant provides one set of facts in response to Interrogatory Five while simultaneously incorporating another document with different facts, the plaintiffs will be unable to discern which factual position that defendant is adopting.

    It is hereby **ORDERED** that, as to each plaintiff, each of the defendants involved in that plaintiff's arrest shall fully respond to Interrogatory Five. These responses shall be made without reference to or incorporation of PD163 or PD251; however, these two documents remain available to the parties for other purposes, including cross-examination.

    **Interrogatory Six**

    Interrogatory Six asks each defendant to list every crime allegedly committed by each of the plaintiffs that provided the arresting officers with probable cause to perform the arrests at issue in this matter. Unlike Interrogatory Five, which provides a general narrative, Interrogatory Six requires each individual defendant to list the specific facts that gave the arresting officers probable cause to arrest each plaintiff.

It is hereby **ORDERED** that, as to each plaintiff, each of the defendants involved in that plaintiff's arrest shall respond to Interrogatory Six by specifying which crimes each of these plaintiffs allegedly committed and which facts support a finding of probable cause that each crime occurred. When specifying the crimes, defendants shall also cite to the relevant statute and regulation, as appropriate.

**Interrogatory Seven**

During the hearing, defendants' counsel represented that they are aware of no witnesses other than those that have already been disclosed to plaintiffs and that appear in response to Interrogatory Five.

It is hereby **ORDERED** that defendants cannot call any witnesses as part of this matter if that witness has not been identified to plaintiffs as of the date of this Order. However, if defendants identify a new potential witness, defendants may utilize that witness if they immediately supplement their disclosures to plaintiffs by supplying this witness's identification and contact information. Such supplementation shall not be permitted after November 1, 2013.

**Interrogatory Eight**

During the hearing, defendants' counsel represented that neither the defendants, including any representatives of the District of Columbia, nor defendants' counsel has spoken to any witnesses and obtained any statements[1] outside of what is memorialized in the PD163 or PD251 already given to plaintiffs' counsel.

It is hereby **ORDERED** that defendants cannot use any statements of any witnesses as part of this matter if the statement has not been given to plaintiffs as of the date of this Order. However, if defendants obtain any additional statements from witnesses, defendants may utilize those statements if they immediately supplement their disclosures to plaintiffs by supplying the

---

[1] As used throughout this Order, "statement" refers to both oral and written statements.

statements to defendants. Such supplementation shall not be permitted after November 1, 2013

### Interrogatory Nine

During the hearing, defendants' counsel represented that the defendants have identified each Metropolitan Police Department officer who was present at each of these arrests. Plaintiffs, though, want specific information about what each police officer witnessed and what actions each officer took in connection to each of the arrests.

It is hereby **ORDERED** that defendants shall, as to each of the arrests at issue in this matter, specify which non-defendant Metropolitan Police Department officers were present, what each officer witnessed, and what actions each officer took in connection to the arrests.

### Interrogatories Ten – Thirteen

Interrogatories Ten – Thirteen are largely similar in that they seek a record of statements, and witnesses to those statements, made during the arrests: Interrogatory Ten requests statements made by the defendants; Interrogatory Eleven requests statements made by the plaintiffs; Interrogatory Twelve requests statements made by any third parties; and Interrogatory Thirteen requests the identity of every person making such a statement.

It is hereby **ORDERED** that defendants shall respond fully to Interrogatories Ten – Thirteen. Defendants are prohibited from using any statements at trial that have not been provided to plaintiffs as of the date of this Order. However, if defendants obtain any additional statements, defendants may utilize those statements if they immediately supplement their disclosures to plaintiffs by supplying the statements to defendants. Such supplementation shall not be permitted after November 1, 2013.

**IT IS FURTHER ORDERED THAT** the defendants shall comply with the obligations imposed by this Discovery Order by October 22, 2013.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE