UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-----------------------------------------------------

TOSHIA HODGES,

    Plaintiff,

    v.                                                     Civil Action No. 12-1900 (ABJ/JMF)

THE DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

-----------------------------------------------------

BARRON JACKSON,

    Plaintiff,

    v.                                                       Civil Action No. 12-1948 (ABJ/JMF)

THE DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

-----------------------------------------------------

IRMA FLORES,

    Plaintiff,

    v.                                                       Civil Action No. 12-1989 (ABJ/JMF)

THE DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

-----------------------------------------------------

RASHEED HAMMOND,

    Plaintiff,

v.                                                                    Civil Action No. 12-1990 (ABJ/JMF)

**THE DISTRICT OF COLUMBIA,** *et al.*,

   **Defendants.**

-------------------------------------------------

# ORDER[1]

This case, which has now settled, involved the legitimacy of the use of a certain procedure, called "post and forfeit," by the Metropolitan Police Department.  The current dispute centers on plaintiffs' counsel's obligations with respect to certain discovery materials.

On March 6, 2014, this Court issued a protective order that restricted the use of information denominated by a party as "confidential" to use "in court filings, discovery, trial and/or appeal in the above-captioned matter, and legitimate private correspondence related to this litigation." Defendants' Proposed Protective Order[2] [#44] ¶ 3.  The protective order further provided the following:

> No later than thirty (30) days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall return to the opposing party any CONFIDENTIAL INFORMATION produced by the opposing party, or shall certify to the destruction of all copies of such information in the possession, custody, or control of such party, except to the extent he is required to maintain a copy of the client's file by the DC Bar ethical rules . . .

Id. ¶ 23.

During discovery in this case, the District of Columbia provided plaintiffs' counsel with the identifying information (names, addresses, phone numbers, and social security numbers) of

---

[1] This order is being entered in each of the four cases but the court documents referenced herein are to those filed in Civil Action No. 12-1900.

[2] Although captioned "Defendants' Proposed Protective Order," this was the version signed by the Court.

additional individuals who were subjected to this procedure but who were not, of course, parties to this case. Defendants' Motion to Compel and to Show Cause Regarding the Protective Order and Protection of Confidential Information [#52] at 7.  The District of Columbia clearly designated this information as confidential pursuant to the Protective Order. Id.

While it would seem that the destruction or return of these materials would have been automatic, plaintiffs' counsel, William Claiborne, claims that the D.C. Rules of Professional Conduct require him to keep the client's entire file, including the materials given him by the District. Plaintiffs' Opposition to Defendants' Motion [#57] at 22.

In my view, Claiborne's reading of the pertinent rule is wrong.  Rule 1.16(d) of the D.C. Rules, like the similar provision in the Model Rules of Professional Conduct, provides the following:

> In connection with any termination of representation, a lawyer shall take timely steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by Rule 1.8(i).

First, discovery materials made available to counsel to prosecute a claim or defense are not property to which the client can claim an entitlement, as would be the case if the object the lawyer had received from the client had an intrinsic value.  In other words, property that has an intrinsic value is specifically governed by Rule 1.15(b).  D.C. Bar Ethics Opinion 283[3] provides the following:

> The disposition of property in a client file that has intrinsic value or that directly affects valuable rights, such as securities, negotiable instruments, deeds, settlement agreements, and wills, is

---

[3] Available at http://www.dcbar.org/bar-resources/legal-ethics/opinions/opinion283.cfm (last visited Dec. 22, 2014).

>> governed by D.C. Rule 1.15(b), *Safekeeping Property*, which provides:
>>
>>> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property, subject to Rule 1.6.

Thus, materials in the lawyer's file that do not have any such value may be destroyed.

Opinion 283 continues:

> Adopting an approach similar to the New York Bar, we believe that absent a legal obligation to the contrary, non-valuable property in the client's closed file that does not clearly or probably belong to the client or a third party may be destroyed without consultation or notice to the client or third party.

Accordingly, Claiborne is not obliged to keep the identifying information provided to him by the District of Columbia, and there is no ethical impediment to its immediate destruction. I will therefore order Claiborne to collect all the information denominated as "confidential information," whether in his or his clients' possession, and destroy it forthwith. I will further order him to certify that he has done so within 10 days from this date of this order.[4]

Finally, the District of Columbia asks that Claiborne be held in contempt for using the confidential information to find additional clients. It is unclear to me whether, in light of the

---

[4] Claiborne argues that the materials should not have been denominated as "confidential information" in the first place. [#57] at 10-12. However, that argument should have been made when the materials were so denominated, and I will not consider it now.

4

destruction I have ordered, the District is still interested in pressing this contention, which in my view may require a hearing. There is an additional complication. The undersigned will retire on January 2, 2015. The District of Columbia will therefore advise the Court, by written praecipe filed within 5 days of the date of this order, whether it will continue to press its contention that Claiborne be held in contempt.

    **SO ORDERED.**

                                              JOHN M. FACCIOLA
                                              UNITED STATES MAGISTRATE JUDGE